## SAMUEL R. STEELE *versus* DAVID CARSON.

A deposition taken under a commission which was issued while the action was pend-
ing in the Court of Common Pleas, but was executed after the action was appealed
from that Court, and before the entry of the appeal, is admissible upon the trial in
this Court.

UPON the trial of this action, before *Dewey* J., the deposi-
tion of Charles Griffin was offered in evidence by the plaintiff;
but the defendant objected to its admission, on the ground, that
it was taken under a commission issued while the action was
pending in the Court of Common Pleas, but executed and
opened in August, 1839, after the action was appealed from
that court, and before the appeal was entered in this Court.
The deposition was admitted, and a verdict was rendered for
the plaintiff.

If the deposition was improperly admitted, a new trial was
to be ordered ; otherwise judgment was to be rendered upon
the verdict.

*Bishop* and *Hubbard*, for the defendant, cited Howe's Pr.    *Sept. 20th.*
447 ; *Campbell* v. *Howard*, 5 Mass. R. 376.

*Porter*, *Briggs* and *Lanckton*, for the plaintiff, cited Revised
Stat. c. 94, § 32, 33.

WILDE J. delivered the opinion of the Court. The de-    *Sept. 21st.*
fendant's counsel contend, that by the appeal the commission
to take the deposition in question was vacated, and the execu-
tion of it, irregular.   This is a new objection, and it is be-
lieved that depositions taken under like circumstances as the
one objected to, have been admitted without objection.   But
however this may be, no good reason has been suggested, nor
can we imagine any, in support of the objection now made.
If it should prevail, the only consequence would seem to be,
to subject the parties to unnecessary expense and delay.   By
the 5th Rule of this Court, all depositions are to be opened by
the clerk when presented, either in term time or vacation.   As
this Court and the Court of Common Pleas have the same
clerk, the deposition was regularly opened and afterwards filed
by the clerk.   After such filing either party had a right, by the
same Rule, to read it in evidence at the trial.   But as no trial

could be had in the Court of Common Pleas, there can be no reasonable objection to the use of it on the trial in this Court. The deposition was taken in the cause, and to be used on the trial, either in the Court of Common Pleas or in this Court. And if the plaintiff had discontinued this suit or become non-suit, and had afterwards commenced another suit for the same cause of action, between the same parties or their legal representatives, he would have a right by the Revised Stat. c. 94, § 27, 30, to use the deposition in the same manner and subject to the same conditions and objections as if originally taken for the second suit. By these provisions the legislature intended to prevent unnecessary expense and delay, and in establishing rules of practice, the Court ought always to be governed by a like intention.

*Judgment on the verdict.*